**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WILLIAM GOMEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:24-cv-01031** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **STEAK N SHAKE INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff, William Gomez ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Steak n Shake, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"), seeking redress for Defendant's national origin-based discrimination and retaliation under Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

5.      Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.      This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

8.      At all times material to the allegations of this Complaint, Plaintiff, William Gomez, resides in Will County, Illinois.

9.      At all times material to the allegations in this Complaint, Defendant, Steak n Shake Inc., is a foreign BCA corporation doing business in and for Marion County, Indiana, whose address is 107 South Pennsylvania Street, Suite 400, Indianapolis, IN 46204.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

12.      Plaintiff was hired by Defendant as a Division President in or about March 2022, until he was wrongly terminated on July 10, 2023.

13.      Since at least February of 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within his protected class and has subjected Plaintiff to a hostile work environment on the basis of race or national origin, violating Title VII and Section

1981.

14.     Plaintiff is Hispanic and is a member of a protected class because of his national origin.

15.     In or around February 2023, Plaintiff experienced a deeply offensive work incident when Jennifer Windish, General Manager, directed the racial slur "spic," at Plaintiff.

16.     As Defendant states, their business has a zero tolerance policy on discrimination of any kind.

17.     In keeping with Defendant's business standards, Plaintiff practiced one of his job duties by promptly terminating Jennifer Windish for her national origin based discrimination and harassment.

18.     Plaintiff thought that the offensive situation had been resolved with Jennifer Windish's termination.

19.     However, Defendant rehired Jennifer Windish in a different position around April 2023.

20.     Plaintiff was shocked and appalled by Defendant's action and as such, immediately expressed his concerns—highlighting Jennifer Windish's harmful behavior in the work place.

21.     However, Defendant's Human Resources (HR) ignored Plaintiff's protests telling Plaintiff "not to worry about it."

22.     Defendant failed to conduct a prompt and thorough investigation into Plaintiff's complaint.

23.     Due to Defendant's failure, Plaintiff decided to take his complaints a step further and file a written complaint around April of 2023.

24.     Plaintiff detailed the ongoing discrimination he endured thtoughout his

3

employment with Defendant.

25.     Specifically, Plaintiff mentioned one disturbing incident where Walter Tyree, Vice President of Operations, consistently made demeaning remarks such as "minorities are not performing well," and referring to Plaintiff as "a fucking disappointment."

26.     Walter Tyree never disparaged non-Hispanic employees or referred to non-Hispanic employees in a harmful manner.

27.     Once again, Defendant ignored Plaintiff's complaint and failed to conduct a prompt and thorough investigation into Plaintiff's second complaint.

28.     On or about July 10, 2023, Plaintiff was abruptly terminated under the false pretense of "misconduct."

29.     Therefore, Plaintiff was terminated on July 10, 2023, on the basis of his national origin and for engaging in a protected activity as described above.

30.     There is a basis for employer liability for the race-based harassment that Plaintiff was subjected to, as the harassment occurs in the workplace at the hands of Defendant's employees.

31.     Plaintiff can show that he engaged in statutorily protected activity—a necessary component of his retaliation claim—because Plaintiff lodged complaints directly to his managers about the harassment.

**<u>COUNT I</u>**
**Violation of 42 U.S.C. § 1981**
**(National Origin-Based Discrimination)**

32.     Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts,

regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

34. Defendant's conduct against Plaintiff's national origin amounts to a pattern or practice of systemic discrimination that constitutes illegal intentional national origin-based discrimination in violation of 42 U.S.C. Section 1981.

35. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

36. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff, and Plaintiff is entitled to all legal and equitable remedies under Section 1981.

37. As a direct and proximate result of the race-based discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of Title VII of the Civil Rights Act of 1964**
**(National Origin-Based Discrimination)**

38. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

39. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. Plaintiff met or exceeded performance expectations, as Plaintiff has never received a write-up or negative performance remarks.

41. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class, Mexican.

42. Defendant discriminated against Plaintiff on the basis of Plaintiff's national origin.

43. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's race and national origin.

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

45. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Title VII of The Civil Rights Act of 1964**
**(National Origin-Based Harassment)**

46. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

47. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

48. Defendant knew or should have known of the harassment.

49. The race and national origin based harassment was severe and pervasive.

50. The race and national origin based harassment was offensive subjectively and objectively.

51. The race and national origin based harassment was unwelcomed.

52. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's national origin (Mexican).

6

53. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

54. As a direct and proximate result of the race-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Title VII of The Civil Rights Act of 1964
### (Retaliation)

55. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

56. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

57. Throughout Plaintiff's employment with Defendant, Plaintiff has reasonably complained to Defendant about conduct that constituted race and national origin discrimination and harassment.

58. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of national origin discrimination and harassment.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically discrimination and unfair treatment.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on

7

Plaintiff's reporting the national origin-based discrimination and harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

   a. Back pay with interest;

   b. Payment of interest on all back pay recoverable;

   c. Compensatory and punitive damages;

   d. Reasonable attorneys' fees and costs;

   e. Award pre-judgment interest if applicable; and

   f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 6th day of February, 2024.

/s/ *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

8

Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*